68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles A. PICKARD, Plaintiff-Appellant,
v.
Sheila E. WIDNALL, Secretary, United States Air Force,
Defendant-Appellee.
 No. 95-3137.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 Before: CONTIE, NELSON and RYAN, Circuit Judges.
 
 OPINION
 
 1
 Charles A. Pickard, a Tennessee resident, appeals pro se the summary judgment for defendant in this action filed under the Rehabilitation Act, 29 U.S.C. Sec. 791, and Title VII of the Civil Rights Act of 1964. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pickard filed this action against the Secretary of the Air Force, claiming that he had been subjected to discrimination on the basis of a perceived handicap and that he had been retaliated against for filing a discrimination complaint. The parties agreed to submit this matter to a magistrate judge with appeal to this court. Defendant filed a motion for summary judgment, to which Pickard filed a response. The magistrate judge granted summary judgment to the defendant.
 
 
 3
 Upon review, we conclude that there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Pickard did not establish a prima facie case under the Rehabilitation Act, as he did not show that he was otherwise qualified for the position in question or that his exclusion was based on his perceived handicap. See Pesterfield v. Tennessee Valley Authority, 941 F.2d 437, 441 (6th Cir.1991). Defendant's request for documentation of the reason for Pickard's previous discharge from the Navy was the same required from all applicants with previous military service. The requirement of a medical and psychological examination was based on Pickard's erratic work history and vague answers in response to requests for explanation of that history. This concern was justified in light of the extensive commitment to Air Force employment entailed in the program to which he had applied. The delay in commencement of the program was due to Pickard's failure to submit the documentation necessary to receive a security clearance, without which he was not qualified for the program. See Guillot v. Garrett, 970 F.2d 1320, 1327 (4th Cir.1992). Finally, Pickard's claim of retaliation failed because no evidence was presented to rebut the defendant's explanation that the processing of Pickard's application was discontinued due to his refusal to submit the necessary documentation.
 
 
 4
 The issues raised on appeal are meritless. Accordingly, the summary judgment for defendant is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.